George M. Lee (SBN 172982)
 gml@seilerepstein.com
**SEILER EPSTEIN LLP**
4 Embarcadero Center, 14th Floor
San Francisco, California 94111
Phone: (415) 979-0500

Attorneys for Plaintiff
ROBERT A. ENRIQUEZ

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTIRCT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. ENRIQUEZ,<br><br>  Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, a municipal entity; DOE DEPUTY #1, sued herein in his individual capacity; DOE DEPUTY #2, sued herein in his individual capacity; and DOE DEPUTY #3, sued herein in his individual capacity; DOE DEPUTY #4, sued herein in his individual capacity,<br><br>  Defendants. | Case No. **'23CV0903 BEN NLS**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>**[42 U.S.C. § 1983]**<br><br>—————————<br><br>**JURY TRIAL DEMANDED** |

 Comes now the plaintiff, Robert A. Enriquez, who hereby complains and alleges as follows:

## INTRODUCTION

 1. This is a complaint for violation of civil rights by plaintiff Robert Enriquez, who suffered injury as a result of excessive force by unknown San Diego County Sheriff

- 1 -
PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

1  Deputy/Employees, while plaintiff was awaiting transport to another correctional facility.
2  Plaintiff sues for damages under 42 U.S.C. § 1983 against the County of San Diego, and four
3  unknown Sheriff Department employees sued under fictitious names herein. Plaintiff will
4  amend this complaint to include the true names of said officers/agents when the same become
5  known to plaintiff through discovery.

## PARTIES

8  2. Plaintiff Robert A. Enriquez ("Plaintiff") is currently an inmate at Pelican Bay
9  State Prison, in Crescent City, California.

10  3. Defendant County of San Diego ("County") is a county organized and existing
11  as a legal subdivision under the laws of the State of California. Defendant County oversees
12  and supervises the San Diego County Sheriff's Department ("Department"), a law
13  enforcement agency and division of the County. At all times herein, Defendant County was
14  responsible for the actions and/or inactions, and the policies, practices, and customs of the
15  George Bailey Detention Facility, a jail/detention facility that is operated, staffed, and
16  overseen by the Department.

17  4. Defendant sued herein under the fictitious name of "Doe Deputy #1" is, on
18  information and belief, a duly sworn Deputy Sheriff, employee, or other agent of the San
19  Diego County Sheriff's Department. Defendant at all times described herein was in uniform,
20  and acted under color of authority. The true name and identity of Defendant Doe Deputy #1 is
21  presently unknown to Plaintiff, and therefore Plaintiff sues this defendant under the fictitious
22  name described herein. Plaintiff will seek leave to amend this complaint when the true name
23  and identity of Doe Deputy #1 becomes known to him through discovery. Defendant Doe
24  Deputy #1 is sued herein in his individual and official capacities.

25  5. Defendant sued herein under the fictitious name of "Doe Deputy #2" is, on
26  information and belief, a duly sworn Deputy Sheriff, employee, or other agent of the San
27  Diego County Sheriff's Department. Defendant at all times described herein was in uniform,
28  and acted under color of authority. The true name and identity of Defendant Doe Deputy #2 is

**SEILER EPSTEIN LLP**

1  presently unknown to Plaintiff, and therefore Plaintiff sues this defendant under the fictitious
2  name described herein. Plaintiff will seek leave to amend this complaint when the true name
3  and identity of Doe Deputy #2 becomes known to him through discovery. Defendant Doe
4  Deputy #2 is sued herein in his individual and official capacities.

5        6.     Defendant sued herein under the fictitious name of "Doe Deputy #3" is, on
6  information and belief, a duly sworn Deputy Sheriff, employee, or other agent of the San
7  Diego County Sheriff's Department. Defendant at all times described herein was in uniform,
8  and acted under color of authority. The true name and identity of Defendant Doe Deputy #3 is
9  presently unknown to Plaintiff, and therefore Plaintiff sues this defendant under the fictitious
10 name described herein. Plaintiff will seek leave to amend this complaint when the true name
11 and identity of Doe Deputy #3 becomes known to him through discovery. Defendant Doe
12 Deputy #3 is sued herein in his individual and official capacities.

13       7.     Defendant sued herein under the fictitious name of "Doe Deputy #4" is, on
14 information and belief, a duly sworn Deputy Sheriff, employee, or other agent of the San
15 Diego County Sheriff's Department. Defendant at all times described herein was in uniform,
16 and acted under color of authority. The true name and identity of Defendant Doe Deputy #4 is
17 presently unknown to Plaintiff, and therefore Plaintiff sues this defendant under the fictitious
18 name described herein. Plaintiff will seek leave to amend this complaint when the true name
19 and identity of Doe Deputy #4 becomes known to him through discovery. Defendant Doe
20 Deputy #4 is sued herein in his individual and official capacities.

## JURISDICTION AND VENUE

23       8.     Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331.
24       9.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2)
25 because one or more of the defendants resides in this judicial district, and the events or
26 omissions giving rise to Plaintiff's claim occurred within this judicial district.
27 //
28 //

# GENERAL ALLEGATIONS

10. On or about May 22, 2022, Plaintiff was incarcerated at the George Bailey Detention Facility, a correctional facility operated, overseen and staffed by the San Diego County Sheriff's Department. Plaintiff had pled guilty to charges in state court, had been sentenced, and was awaiting transport to Pelican Bay State Prison, in Crescent City, California to serve his sentence.

11. On May 22, 2022, Plaintiff was using the telephone within the 6 Block Dayroom of the George Bailey Detention Facility. He had obtained permission to do so. At approximately 4:00 p.m., Defendant Doe Deputy #1 came into the area, and immediately told Plaintiff he needed to get off the phone. Plaintiff attempted to tell Doe Deputy #1 that he had obtained permission to use the phone by another correctional deputy.

12. Doe Deputy #1 hung up Plaintiff's phone call, disconnecting him. When Plaintiff told Doe Deputy #1 that he had received permission to be on the phone, Doe Deputy #1 forcefully struck Plaintiff in his right eye with a closed fist. Defendant Doe Deputy #1 then forced Plaintiff to the floor. However, Plaintiff was still holding onto the telephone receiver with one hand as he was being taken to the floor.

13. Doe Deputy #1 forced Plaintiff onto his back, and continued to repeatedly strike Plaintiff in the head and neck region, causing him severe injuries. Plaintiff was attempting to shield and remove his eyeglasses, because he had just undergone surgery on his eye, and he could not see without his glasses, and did not want Doe Deputy #1 to break them.

14. As Doe Deputy #1 continued to strike Plaintiff in the head and neck region, Defendants Doe Deputy #2, Doe Deputy #3, and Doe Deputy #4 were either standing around and watching the assault from Doe Deputy #1, and they also participated in restraining Plaintiff as he attempted to shield his eyeglasses from being broken at the same time he was being beaten by Doe Deputy #1.

15. At no point did Doe Deputy #2, Doe Deputy #3, or Doe Deputy #4 attempt to intervene, to restrain or stop Doe Deputy #1 from continuing clear physical abuse and excessive force against Plaintiff. Instead, Doe Deputy #2, Doe Deputy #3 and Doe Deputy #4,

and each of them, participated in the harm to plaintiff by restraining Plaintiff.

16. Doe Deputy #1's physical force used against Plaintiff was excessive and unjustified, since Plaintiff was offering no physical resistance to Doe Deputy #1's command to get off the phone.

17. As a result of the excessive amount of force used and utilized by Doe Deputy #1, and aided by Defendants Doe Deputy #2 and Doe Deputy #3, Plaintiff suffered severe injury, including exacerbation of a medical condition

18. Plaintiff was thereafter and unjustifiably placed in administrative segregation.

19. Plaintiff later requested medical treatment, but was told he could not have it because he had already refused medical treatment.

20. Plaintiff exhausted his administrative remedies by requesting, filling out, and turning in a grievance form to a supervisorial correctional officer. However, the County of San Diego informs Plaintiff that they were unable to locate any grievance form. Accordingly, by and through their improper failure to process Plaintiff's grievance form, Plaintiff is deemed to have exhausted his administrative remedies.

21. Plaintiff attempted to learn the identities of the individuals sued herein under fictitious names, but defendant County refused to provide them to Plaintiff, leaving Plaintiff unaware of their true identities at the time this complaint is being filed.

### COUNT ONE
### CRUEL AND UNUSUAL PUNISHMENT (EIGHTH AMENDMENT VIOLATION)
### 42 U.S.C. § 1983
### Against DOE DEPUTY #1

22. Plaintiff incorporates all allegations set forth in the preceding paragraphs, as through set forth in full herein.

23. Defendant Doe Deputy #1, acting under color of law, deprived Plaintiff of his right to be free of cruel and unusual punishments under the Eighth Amendment of the United States Constitution.

24. At all times, the amount of force used by Defendant Doe Deputy #1 against

1 Plaintiff was disproportionate, unreasonable, and unnecessary, and he was not motivated by a
2 reasonable need to restrain Plaintiff, or to protect himself, but solely to retaliate against, and
3 punish Plaintiff for defying his (unjustified) command for Plaintiff to get off the phone. Doe
4 Deputy #1 was thereby motivated by malicious and sadistic intent to cause Plaintiff harm, and
5 he did not act in good faith in order to keep or maintain order or discipline.

6       25.    At no time did Defendant Doe Deputy #1 fear for his safety, or the safety of
7 others. His decision to strike Plaintiff in the eye was solely a result of Defendant's unbridled
8 anger and rage at having his command to get off the phone questioned. Any reasonable
9 correctional officer would know that striking a prisoner in the face, repeatedly, for simply
10 saying that he had received permission to be on the phone, was objectively unreasonable,
11 unwarranted, and violated clearly established law.

12       26.    As a result of the excessive force used by Doe Deputy #1, Plaintiff suffered, and
13 continues to suffer, severe physical and mental injury, including exacerbation of the loss of
14 vision to his right eye. Plaintiff had undergone surgery to his eye, a fact of which Doe Deputy
15 #1 was aware, or reasonably should have been aware, making him particularly vulnerable to
16 being struck in his eye. At all times, Defendant Doe Deputy #1 deliberately struck Plaintiff in
17 his right eye in order to cause him severe physical injury in a cruel and sadistic manner.

18       27.    As a result of the deprivation of his rights, Plaintiff suffered severe physical and
19 mental injuries, actionable by damages in an amount according to proof at trial.

20       28.    The conduct complained of herein was done in deliberate or reckless disregard
21 of Plaintiff's constitutionally protected rights, thereby justifying an award of exemplary or
22 punitive damages against Defendant Doe Deputy #1 in an amount according to proof at trial.

23       WHEREFORE, Plaintiff seeks relief against said defendant, as set forth below.

24

25
26
27
COUNT TWO
DELIBERATE INDIFFERENCE (EIGHTH AMENDMENT VIOLATION)
42 U.S.C. § 1983
Against DOE DEPUTY #2, DOE DEPUTY #3, and DOE DEPUTY #4

28       29.    Plaintiff incorporates all allegations set forth in the preceding paragraphs, as

through set forth in full herein.

30. At all times, defendants sued herein under the fictitious names Doe Deputy #2, Doe Deputy #3, and Doe Deputy #4, were acting under color of law, and deprived Plaintiff of his right to be free from cruel and unusual punishments under the Eighth Amendment of the United States Constitution.

31. Defendants sued herein under the fictitious names Doe Deputy #2, Doe Deputy #3 and Doe Deputy #4 witnessed Doe Deputy #1's unjustified and excessive physical abuse of Plaintiff, but failed to stop Doe Deputy #1 from harming, or continuing to harm Plaintiff. The actions or inactions of said defendants amounted to deliberate indifference, in that they intentionally did not interfere with Doe Deputy #1's assault on Plaintiff, with the reckless and actual intent to cause Plaintiff to suffer harm, or continue to suffer harm.

32. At all times, it was apparent, and reasonably should have been apparent, that Plaintiff was suffering substantial and severe injury, with an unjustified use of force, at the hands of Doe Deputy #1.

33. As a result of the deliberate indifference on the part of Doe Deputy #2, Doe Deputy #3, and Doe Deputy #4, Plaintiff suffered a deprivation of his rights under the Eighth Amendment.

34. As a result of the deprivation of his rights, Plaintiff suffered severe physical and mental injuries, actionable by damages in an amount according to proof at trial.

35. The conduct complained of herein was done in deliberate or reckless disregard of Plaintiff's constitutionally protected rights, thereby justifying an award of exemplary or punitive damages against Defendants Doe Deputy #2, Doe Deputy #3, and Doe Deputy #4, in an amount according to proof at trial.

WHEREFORE, Plaintiff seeks relief as set forth below.

//
//
//
//

COUNT THREE
*MONELL* LIABILITY: POLICY, CUSTOM, OR PRACTICE
42 U.S.C. § 1983
Against Defendant County of San Diego

36. Plaintiff incorporates all allegations set forth in the preceding paragraphs, as through set forth in full herein.

37. Defendant County of San Diego, at all times, acted under color of law, and deprived Plaintiff of his right to be free from cruel and unusual punishments under the Eighth Amendment of the United States Constitution.

38. As alleged hereinabove, the actions of Doe Deputy #1, Doe Deputy #2, Doe Deputy #3, and Doe Deputy #4 deprived Plaintiff of his rights under the U.S. Constitution.

39. Defendant County of San Diego promulgated a written policy or policies that was supposed to prevent the excessive use of force by Doe Deputy #1. However, on information and belief, there is a widespread, longstanding, and well-established practice or custom among correctional officers employed by County of San Diego to ignore the Department's written policy, and to engage in the excessive use of force, amounting to physical abuse, on the part of its correctional officers in order ostensibly to maintain order and discipline, but actually to "punish" prisoners for verbally questioning the officers' authority or commands. This de facto policy, which amounts to the implicit approval of the use of excessive force, has been practiced enough to rise to the level of a practice or custom, because, on information and belief, correctional officers including Doe Deputy #1 were repeatedly involved in similar incidents, but not disciplined, reprimanded, or punished for ignoring the official policy. Accordingly, the Sheriff's Department, and the policy making staff at the George Bailey Detention Facility in particular, have adopted an accepted set of practices or customs that allow the widespread abuse of prisoners such as Plaintiff.

40. Plaintiff was later told, in fact, by an official or supervisor at the George Bailey Detention facility, that Doe Deputy #1 was out of line by his use of force against Plaintiff, and that this was not his first such incident.

41. Defendant's policies, practices, and customs, known to and followed by the

- 8 -
PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

1 other defendants herein, was the actionable cause of Plaintiff's injury, in that following such policies, practices, and customs permitted the other defendants to act to deprive Plaintiff of his rights. Accordingly, under *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978), defendant County of San Diego is liable for the deprivation of Plaintiff's rights, under color of law.

42. The policies, customs, and practices, whether official or de facto, as permitted, tolerated, and encouraged by defendant County, amounted to and resulted in the deliberate indifference to the constitutional rights of Plaintiff. At all times, defendant County was aware of the customs and practices that amount to the *de facto* approval of the use of excessive force on the part of its correctional officers and agents, and deliberately did nothing to prevent said officers from continuing to carry out this policy.

43. Further evidence of the County's practice or custom which were followed by Defendants Doe Deputy #1, Doe Deputy #2, Doe Deputy #3, and Doe Deputy #4 exists by and through repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded, or punished.

44. As a result of the deprivation of his rights, Plaintiff suffered severe physical and mental injuries, actionable by damages in an amount according to proof at trial.

WHEREFORE, Plaintiff seeks relief as set forth below.

COUNT FOUR
*MONELL* LIABILITY: RATIFICATION
42 U.S.C. § 1983
Against Defendant County of San Diego

45. Plaintiff incorporates all allegations set forth in the preceding paragraphs, as through set forth in full herein.

46. Defendant County of San Diego, at all times, acted under color of law, and deprived Plaintiff of his right to be free from cruel and unusual punishments under the Eighth Amendment of the United States Constitution.

47. As alleged hereinabove, the actions of Doe Deputy #1, Doe Deputy #2, Doe

1 Deputy #3, and Doe Deputy #4 acted to deprive Plaintiff of his rights under the U.S. Constitution.

48. Defendant County of San Diego became aware of the actions of Doe Deputy #1, Doe Deputy #2, Doe Deputy #3, and Doe Deputy #4 which caused Plaintiff harm as described herein, investigated those actions. A final policymaker on behalf of the County, acting in his or her official capacity, reviewed said defendants' use of force against Plaintiff, and ratified the actions of Doe Deputy #1, Doe Deputy #2, Doe Deputy #3, and Doe Deputy #4, by making a deliberate choice to approve of their actions, and the basis for it.

49. The ratification of defendants' actions was further evidenced by the placement of Plaintiff in administrative segregation after being assaulted, even though he had done nothing wrong to warrant either the assault on him, or being placed in segregated detention.

50. Plaintiff was told by an official or supervisor at the George Bailey Detention facility, that Doe Deputy #1 was out of line in his excessive use of force against Plaintiff, and that this was not his first incident. However, the lack of any sanction, punishment or other discipline imposed upon Defendants Doe Deputy #1, Doe Deputy #2, Doe Deputy #3, and/or Doe Deputy #4 shows that said defendants were acting under an official policy, custom, or practice that permitted said defendants to act in the manner they did.

51. Defendant's policies, practices, and customs, known to and followed by the other defendants herein, was the actionable cause of Plaintiff's injury, in that following such policies, practices, and customs permitted the other defendants to act to deprive Plaintiff of his rights. Accordingly, under *Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978), defendant County of San Diego is liable for the deprivation of Plaintiff's rights, under color of law.

52. As a result of the deprivation of his rights, Plaintiff suffered severe physical and mental injuries, actionable by damages in an amount according to proof at trial.

WHEREFORE, Plaintiff seeks relief as set forth below.

//

//

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. On all counts and causes of action, for judgment to be entered in Plaintiff's favor, and against all defendants, for violation of Plaintiff's civil rights, and for monetary damages on all causes of action in an amount according to proof at trial;

2. On Plaintiff's first count/cause of action, or an award of exemplary damages against Doe Defendant #1, in an amount according to proof at trial;

3. On Plaintiff's second count/cause of action, for an award of exemplary damages against Doe Defendant #2, Doe Defendant #3, and Doe Defendant #4, in an amount according to proof at trial;

4. On all counts and causes of action, for an award of costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

5. For other such relief as the court may deem to be just and proper.

Dated: May 17, 2023  SEILER EPSTEIN LLP

s/ George M. Lee
George M. Lee

Attorney for Plaintiff
ROBERT A. ENRIQUEZ

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues.

Dated: May 17, 2023  SEILER EPSTEIN LLP

s/ George M. Lee
George M. Lee

Attorney for Plaintiff
ROBERT A. ENRIQUEZ

- 11 -
PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS