UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. ENRIQUEZ,<br><br>             Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal entity; DOE DEPUTY #1, sued herein in his individual capacity; DOE DEPUTY #2, sued herein in his individual capacity; DOE DEPUTY #3, sued herein in his individual capacity; DOE DEPUTY #4, sued herein in his individual capacity,<br><br>             Defendants. | Case No.: 23-cv-903-BEN (SBC)<br><br>**ORDER** |

## I. INTRODUCTION

Plaintiff Robert A. Enriquez brings this action against Defendants the County of San Diego (the "County"), Doe Deputy #1, Doe Deputy #2, Doe Deputy #3, and Doe Deputy #4. Before the Court is the County's Motion to Dismiss the Complaint. The Motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. The motion is denied as to the four Deputy Doe Defendants and granted as to the two *Monell* claims against the County, *without prejudice*.

## II. BACKGROUND

According to the Complaint, this case arises from events which took place on May

22, 2022.[1] Plaintiff had been convicted and sentenced to prison in the California Superior Court for the County of San Diego. While awaiting transport to a state prison, Plaintiff was an inmate at a jail operated by the County of San Diego and its Sheriff. Plaintiff wore glasses and had recently undergone surgery on one eye. Plaintiff alleges that he was engaged in a permissible telephone call when an unnamed Deputy Sheriff (Doe Deputy #1) commanded the telephone call come to an end. Plaintiff alleges Doe Deputy #1 then punched him in the face, and tackled him to the ground. Plaintiff also alleges three other unnamed deputies restrained Plaintiff for Doe Deputy #1 or watched Doe Deputy #1 without intervening. Plaintiff alleges that Doe Deputy #1 used excessive force and that the other deputies used excessive force or were deliberately indifferent to the use of excessive force against Plaintiff. Plaintiff alleges he suffered severe injury as a result and was refused medical treatment. Plaintiff also alleges that he attempted to pursue administrative remedies for his alleged unconstitutional injuries by filling out a grievance form and turning it in to a supervising deputy correctional officer.

He now sues under 42 U.S.C. § 1983, asserting claims for relief against the County of San Diego and the four unnamed Doe Deputies based on violations of his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed when a plaintiff's allegations fail to set forth a plausible set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and

---

[1] For the purposes of a motion to dismiss, the Court assumes facts pleaded in the Complaint are true. *Mazarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not making factual findings.

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Generally, evaluation of a Rule 12(b)(6) motion does not involve consideration of material outside the complaint (*e.g.*, facts presented in briefs, affidavits or discovery materials). Phillips & Stevenson, *California Practice Guide: Federal Civil Procedure Before Trial* § 9:211 (The Rutter Group April 2023). Thus, in evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). When a motion to dismiss is granted, leave to amend is freely given. *See, e.g.*, *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## IV.  DISCUSSION

### A.  Prison Litigation Reform Act

The County first moves to dismiss Plaintiff's entire Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to comply with the Prison Litigation Reform Act. "The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (citing 42 U.S.C. § 1997e(a)). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* at 639. "The only limit to § 1997e(a)'s mandate is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Id.* at 648.

The Complaint alleges:
> Plaintiff exhausted his administrative remedies by requesting, filling out, and turning in a grievance form to a supervisorial correctional officer. However, the County of San Diego informs Plaintiff that they were unable to locate any grievance form. Accordingly, by and through their improper failure to process Plaintiff's grievance form, Plaintiff is deemed to have exhausted his administrative remedies.

ECF No. 1 ("Compl.") at ¶ 20.  The County argues that although Plaintiff asserts he exhausted his administrative remedies, he "fails to state facts to support this conclusion." ECF No. 4 ("Motion") at 8.  While "Plaintiff alleges that at some unspecified time he completed a grievance form," he "also acknowledges that the County told him that it did not receive such form." *Id.*  The County argues "Plaintiff simply concludes that, therefore, he has complied and the County 'failed to process' the form," rather than state facts indicating compliance with the process. *Id.*  Furthermore, the County contends that "Plaintiff did not direct any second or third level review of his grievance as required by the County's Grievance Procedure." *Id.*  The County says that it does not have the grievance form and questions whether Plaintiff actually prepared and presented a grievance form.[2]  The County argues for dismissal because Plaintiff does not identify who gave him the grievance form, which supervisory jailer the form was given to, why he did not receive a copy, or whether he sought second or third level review of an unfavorable decision.

These are disputed questions of fact.  Disputed questions of fact are not normally resolved at the beginning stage of litigation and this case is not the exception.  Later in the proceedings, the County may be successful in proving Plaintiff failed to exhaust his administrative remedies.  But PLRA exhaustion is not jurisdictional.  Instead, PLRA exhaustion is an affirmative defense that must be raised and proven by the government defendant. *Jones v. Bock*, 549 U.S. 199, 212 (2007) ("[T]he usual practice under the Federal Rules is to regard exhaustion as an affirmative defense."); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (*en banc*) (failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove.").  A plaintiff need not prove his exhaustion at the outset of litigation.  He need only make a plausible assertion that he exhausted his remedies. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016)

---

[2] The County requests that judicial notice be taken of its grievance procedure.  The jail grievance procedure is attached to the motion to dismiss as "Exhibit A."  The Court grants the County's motion to take judicial notice of Exhibit A.

("Under the PLRA, a plaintiff must exhaust all administrative remedies before bringing suit against prison officials, but is not required to affirmatively allege that he has done so in order to state a cognizable claim.").

The Complaint is sufficient. Here, Plaintiff has affirmatively alleged that he sought and exhausted administrative remedies at the jail prior to filing his action and his claim is plausible. The County's formal jail grievance procedure[3] contemplates the use of a "J-22" form with a second page designed to serve as a receipt for the grieving inmate.[4] But a J-22 form is not required.[5] An inmate like Plaintiff may submit the grievance to deputies or other employees.[6] Once a grievance is written and submitted, it is up to the County to receive, log, consider, and act on the grievance. Not until an adverse decision is made must an inmate seek second or third level review.

In this case, Plaintiff alleges he created a grievance and gave it to a supervisory deputy. If proven true, this would satisfy the initiation of the exhaustion process. That the grievance was lost or that Plaintiff did not seek second level review, if proven true, would hardly be surprising. After all, Plaintiff was housed only temporarily in the County's custody on his way to a state prison where conditions of incarceration would be different and Plaintiff's request for remedies at the San Diego County run jail facility would be moot. Consequently, it is plausible that Plaintiff grievance was lost or that he never received an adverse decision on his grievance from which to seek second level review. Therefore, Plaintiff's claim of PLRA exhaustion is pled and plausible and

---

[3] *Williams v. Newsom*, No. 20-CV-2398-GPC-AHG, 2021 WL 4124246, at *3–4 (S.D. Cal. Sept. 9, 2021) ("Supreme Court authority requires a plaintiff to adhere to the correctional facility's proscribed processes: '[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.'").

[4] *See* Exhibit A, § I(F & G), § II(C) ("The second page of the J-22 form will be immediately given to the incarcerated person as a signed receipt for the grievance.").

[5] *Id.* at § II(A) ("Incarcerated person(s) may submit their grievances on a J-22 form or any other writing material.").

[6] *Id.* at § II(B) ("Incarcerated person(s) may submit their written grievances directly to deputies or other employees at any time. . . .").

sufficient to withstand the County's motion to dismiss.

Lastly, the County says that this Court may grant its motion to dismiss anyway, by looking beyond the pleadings and deciding the disputed issues of fact, citing *Wyatt v. Terhune*, 315 F.3d 1108, 1119-1120 (9th Cir. 2003).  *See* Def's Reply to Oppo. to Mot. to Dismiss Complaint, ECF No. 7, at 1.  That is an invitation to error.  The Ninth Circuit Court of Appeals sitting *en banc*, overruled *Wyatt* in *Albino*, 747 F.3d 1162.  *Wyatt* erroneously countenanced the use of an "unenumerated Rule 12(b) motion" to decide disputed facts at the pleading stage, as the County suggests be done here.  But *Albino* decided that was the wrong approach, announcing, "We conclude that *Wyatt* is no longer good law after *Jones* [*v. Bock*, 549 U.S. 199 (2007)] (if it ever was good law)…." *Albino*, 747 F.3d at 1169.   *Albino* then set out in detail the correct procedure to follow: discovery first and then summary judgment practice.  If disputed factual questions about exhaustion remain after summary judgment then the facts may be decided by the judge in the same manner a judge, rather than a jury, decides disputed factual questions relevant to jurisdiction and venue. *Id.* at 1170-71.  Based on *Albino,* the Court declines to decide disputed PLRA exhaustion facts at the Rule 12(b) stage.  The motion to dismiss based on a failure to exhaust PLRA remedies is denied.

The remaining arguments may be disposed of with little discussion.

### B.     Excessive Force: Doe #1

The County next argues that the Complaint fails to state a claim for relief against Deputy Doe #1 for using excessive force.  The County offers reasons why the deputy's alleged actions might have been constitutionally justifiable.  But resolution of disputed facts must be left for trial.  Plaintiff has made out a sufficiently plausible claim for relief at this stage of the case.  The motion to dismiss Doe Deputy #1 is denied.

### C.     Excessive Force and Deliberate Indifference: Doe #2, #3, and #4

The County next argues that the Complaint fails to state a claim for relief against Deputy Doe #2, #3, and #4 for using excessive force and deliberate indifference.  The County offers reasons why the deputies' alleged actions might have been constitutionally

justifiable. But resolution of disputed facts must be left for trial. Plaintiff has made out a sufficiently plausible claim for relief at this stage of the case. The motion to dismiss Deputy Doe #2, #3, and #4 is denied.

### D. **Qualified Immunity**

The County next argues that the Deputy Doe Defendants are entitled to qualified immunity and should be dismissed. Whether qualified immunity applies depends in this case, in the first instance, on the resolution of facts which are disputed. For example, the County contends that Plaintiff was resisting a lawful command. Plaintiff alleges he was engaged in an authorized telephone call. The County contends that whatever force was used was measured and no more than necessary to gain Plaintiff's compliance. Plaintiff remonstrates that punching in the head and tackling was excessive force. "The question in all cases is whether the use of force was 'objectively reasonable in light of the facts and circumstances confronting' the arresting officers, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989) (citation omitted). In *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007), officers punched and gang tackled a suspect during an arrest. The court found the law was clearly established in that punching and gang tackling could have been unconstitutional and denied giving the officers qualified immunity. *Id*. at 482. Consequently, Plaintiff has articulated a plausible claim based on clearly established law. Resolution of the disputed facts must be left for trial. The motion to dismiss on the grounds of qualified immunity is denied, subject to being re-urged on summary judgment or at trial.

### E. *Monell* **Claims: Unlawful De Facto Policy or Ratification**

The County seeks dismissal of Claims Three and Four, which are based on *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. In order to plead a *Monell* claim, there are two hurdles a plaintiff must clear. First, a complaint asserting *Monell* liability "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

party to defend itself effectively." A*E ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (cleaned up). "Second, the factual allegations . . . must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "[L]iability under 42 U.S.C. § 1983 may be imposed on local governments only when their official policies or customs cause their employees to violate another's constitutional rights." *Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 769 (9th Cir. 1989) (citing *Monell*, 436 U.S. at 691). "The standard is deliberately high in these types of cases because applying a less demanding standard would circumvent the rule against *respondeat superior* liability of municipalities." *Abdi v. City of San Diego*, No. 3:18-cv-713-BEN (KSC), 2018 WL 6248539, at *4 (citing *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 398 (1997)).

Here, Plaintiff's claim falls short. The two *Monell* claims are vague and conclusory. Without alleging an actual policy approving of the use of excessive force, Plaintiff alleges unarticulated customs and practices that "amount to the de facto approval" of excessive force. Plaintiff also alleges an unnamed County policymaker somehow "ratified" the actions of the four Doe Deputies. However, the Complaint falls short of setting out sufficient allegations of underlying facts with enough specificity to either: (1) give fair notice and to enable the opposing party to defend itself effectively," *Cnty. of Tulare*, 666 F.3d at 637; or (2) to cross the bridge from what is possibly true to what is plausibly true. *Starr*, 652 F.3d at 1216. As pleaded, the Complaint is insufficient to state plausible claims for relief against the County for *Monell* liability. Therefore, Counts Three and Four are dismissed *without prejudice*.

V. **CONCLUSION**

1. The motion to dismiss based on a failure to exhaust PLRA remedies is denied.
2. The motion to dismiss is denied as to Claim One against Deputy Doe # 1 and denied as to Claim Two against Deputy Doe #2, #3, and #4.
3. The motion to dismiss is granted as to Claims Three and Four asserting *Monell*

liability against the County, *without prejudice*.

4. Plaintiff may file an amended complaint, within 21 days of this Order.

**IT IS SO ORDERED.**

DATED:   March 26, 2024

HON. ROGER T. BENITEZ
United States District Judge