UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. ENRIQUEZ,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal entity; DOE DEPUTY #1, sued herein in his individual capacity; DOE DEPUTY #2, sued herein in his individual capacity; DOE DEPUTY #3, sued herein in his individual capacity; and DOE DEPUTY #4, sued herein in his individual capacity,<br><br>                              Defendants. | Case No.: 23-cv-903-WQH-SBC<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Response to Order to Show Cause and Request for Case Management Conference ("Response") filed by Plaintiff Robert A. Enriquez ("Plaintiff"). (ECF No. 13.)

## I. BACKGROUND

On May 17, 2023, Plaintiff initiated this action by filing the Complaint against Defendants County of San Diego (the "County") and Doe Deputies #1, #2, #3, and #4 (collectively, the "Doe Defendants"). (ECF No. 1.)

On June 26, 2023, the County filed a Motion to Dismiss Complaint. (ECF No. 4.)

On March 26, 2024, the Court issued an Order granting in part and denying in part the Motion to Dismiss. (ECF No. 10.) Specifically, the Order dismissed the claims against the County without prejudice but denied the motion to dismiss the claims against the Doe Defendants. *Id.* at 8–9.

On October 8, 2024, the Court issued an Order to Show Cause for failure to prosecute because "[t]he docket reflect[ed] that no party ha[d] taken any action since the entry of the Order granting in part and denying in part the Motion to Dismiss." (ECF No. 12 at 2.)

On October 17, 2024, Plaintiff filed the Response, in the form of a declaration submitted by Plaintiff's counsel, George M. Lee ("Plaintiff's Counsel"). (ECF No. 13.) Plaintiff's Counsel states that, "shortly" after the Court granted in part and denied in part the Motion to Dismiss, Plaintiff's Counsel "met and conferred with defendants' counsel in an attempt to evaluate the claims for possible early disposition and/or settlement." *Id.* at 2. Plaintiff's Counsel states that Andrei Dumitrescu, counsel for the County ("County Counsel") "advised … that his office was in possession of a videotape that depicted the incident giving rise to Plaintiff's claims" and "indicated that he would be agreeable to producing the videotape, subject to a stipulated protective order." *Id.* Plaintiff's Counsel explains that he "expected to propose and raise the stipulated protective order at an anticipated case management conference," but no conference was scheduled. *Id.*[1]

---

[1] The Court notes that, pursuant to this district's Local Rules, an early neutral evaluation conference and case management conference generally are not scheduled until after the filing of an answer. *See* S.D. Cal. Civ. L.R. 16.1(c)(1) ("Within forty-five (45) days *of the filing of an answer*, counsel and the parties must appear before the assigned judge for an early neutral evaluation conference[.]" (emphasis added)); S.D. Cal. Civ. L.R. 16.1(c)(2)(b) ("If no settlement is reached at the ENE conference" and "no arbitration or mediation is agreed upon, the judge must hold a case management conference within thirty (30) days after

  Plaintiff's Counsel states that, after the Court issued the Order to Show Cause, Plaintiff's Counsel communicated with County Counsel, who took the position that "since Plaintiff had not amended the complaint, the County was no longer a party to this action, and that [the County] would not be willing to enter into any stipulated protective order, nor would [the County] be willing to produce the videotape as previously offered." *Id.* at 3. Plaintiff's Counsel states that County Counsel indicated that "the only avenue" for Plaintiff to obtain information from the County related to identifying the Doe Defendants would be through "subpoenas directed to the County for the information (incident reports and the video tape) that was requested." *Id.* at 4.

  Plaintiff's Counsel cites *Wakefield v. Thompson* for the proposition that "where the identity of the alleged defendant [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* (quoting 177 F.3d 1160, 1163 (9th Cir. 1999)). Plaintiff's Counsel asserts that "[t]hese matters should be discussed at a Case Management Conference, at which time the parties can articulate their respective positions as to whether the County has an obligation to participate in initial disclosures pursuant to Rule 26(a), or otherwise to identify the identities of the Doe Officers." *Id.* at 5. Plaintiff's Counsel requests that the Court "discharge the Order to Show Cause" and "order the parties and their counsel—including County Counsel—to appear for a Case Management Conference." *Id.*

///

///

---

the ENE conference. The case management conference may be held at the conclusion of the ENE conference."); *see also* S.D. Cal. Civ. L.R. 16.1(a)(1) (explaining that, in this district, "[t]he timing of the Federal Rule 16(b) scheduling order is adjusted to accommodate the Early Neutral Evaluation Conference, as allowed under Fed. R. Civ. P. 1"). As Plaintiff's claims against the County were dismissed (ECF No. 10) and Plaintiff has not yet identified or served the Doe Defendants, no answer has been filed in this case to prompt the scheduling of an early neutral evaluation conference or case management conference.

3

## II. PLAINTIFF HAS SHOWN ADEQUATE CAUSE

Plaintiff's Counsel is correct that "where the identity of alleged defendants will not be known prior to the filing of a complaint … the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980)). The Response indicates that Plaintiff has not yet conducted discovery to identify the Doe Defendants.

Accordingly, Plaintiff shall expeditiously identify the Doe Defendants and move to amend the Complaint to properly name those Defendants and adequately allege the personal participation of each named Defendant in the alleged constitutional violations. Although County Counsel has not entered a formal appearance on behalf of any Doe Defendant, the County's Motion to Dismiss requested dismissal and made legal arguments on behalf of the Doe Defendants. (ECF No. 4-1 at 9–14.) The Court orders the County, and its counsel, to cooperate with all appropriate discovery requests from Plaintiff aimed at identifying the Doe Defendants who are alleged to have been employed by the County. Plaintiff is cautioned that if, after an opportunity to conduct discovery, Plaintiff fails to identify the Doe Defendants and adequately allege the personal participation of each named Defendant in the alleged legal violations, the Complaint will be dismissed in its entirety.

## III. CONCLUSION

IT IS HEREBY ORDERED that the Order to Show Cause (ECF No. 12) is discharged. The case remains open.

IT IS FURTHER ORDERED that, no later than sixty (60) days after the date this Order is entered, Plaintiff shall either (a) file a motion for leave to amend the Complaint, accompanied by a proposed amended complaint identifying the Doe Defendants, or (b) file a status report showing cause why Plaintiff has failed to file a motion for leave to amend the Complaint.

1  IT IS FURTHER ORDERED that Plaintiff's request to schedule a Case
2  Management Conference is referred to the Honorable Steve B. Chu pursuant to Local Civil
3  Rules 16.2 and 16.1(c)(1). *See* S.D. Cal. Civil Rule 16.2 ("Magistrate judges may hold [a]
4  status conference … in any case which has been referred to the magistrate judge by the
5  district judge for that purpose."); S.D. Cal. Civil Rule 16.1(c)(1) ("At any time after the
6  filing of a complaint and before an answer has been filed, counsel for any party may make
7  a request in writing to the judge in the case to hold a[ ] … status/case management
8  conference. … The judge will hold such conferences as he or she deems appropriate.").

Dated: October 28, 2024

*William Q. Hayes* (signature)
Hon. William Q. Hayes
United States District Court